# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TUPELO TRUST #21293, OCMSAT, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>COLLEEN D. HALEY, et al.,<br><br>    Defendants. | Case No. SA CV 15-2094 AG (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

  The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

  On December 17, 2015, Colleen D. Haley ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis* ("Request"). [Dkt. Nos. 1, 4.] The Court has denied Defendant's Request under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

In the Notice, Defendant primarily contends that removal is proper under 28 U.S.C. § 1443(1), on the grounds that "the California Civil Code procedures authorizing evictions . . . discriminate[] unfairly against Ethnic-Surname Americans" and thus violate 42 U.S.C. §§ 1981 and 1982.  (Notice at 7-8.)

As a rule, a successful petition for removal under 28 U.S.C. § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Assuming, without deciding, that Defendant satisfies the first prong of this test, she fails to satisfy the second.  That is, Defendant fails to identify any "state statute or . . . constitutional provision that purports to *command* the state courts to ignore [Defendant's] federal rights." *See id.* (emphasis added); *see also Martingale Invs., LLC v. Frausto*, 2013 WL 5676237, at *3 (C.D. Cal. Oct. 17, 2013) (remanding unlawful detainer action where defendant failed to identify "a California statute or constitutional provision that commands state courts to discriminate against parties with ethnic surnames or otherwise discriminate on linguistic or racial grounds").

Thus, there is no basis for removal under 28 U.S.C. § 1443(1).

Separately, Defendant contends that the Court may exercise federal-question jurisdiction over the action.  (Notice at 8-9); *see* 28 U.S.C. §§ 1331, 1441(a).  Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer.  [*See* Dkt. No. 1 at 21-23.]

"Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Invs.*, 2013 WL 5676237, at *2. In the Notice, Defendant generally invokes "federal fair housing and retaliatory discrimination issues, and also references, in passing, several constitutional provisions. (Notice at 5-6, 11.) However, no federal law appears on the face of Plaintiff's well-pleaded complaint, and may not serve as a basis for federal-question jurisdiction. [*See* Dkt. No. 1 at 21-23]; *see also Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

Thus, there is no basis for removal under 28 U.S.C. § 1441(a).[1]

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, Harbor Justice Center, 4601 Jamboree Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: December 21, 2015

                                           HON. ANDREW J. GUILFORD
                                           UNITED STATES DISTRICT JUDGE

---

[1] Defendant acknowledges that the Court lacks diversity jurisdiction over the action. (*See* Notice at 10.)